**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CYNTHIA L. STRANGE,**

                **Plaintiff,**　　　　　　　　**6:13-cv-527
　　　　　　　　　　　　　　　　　　　　　　(GLS/ESH)**

            v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Cynthia L. Strange
Pro Se
110 West Smith Street
Apt. C
Herkimer, NY 13350

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN　　MICHELLE L. CHRIST
United States Attorney　　　　　　Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff *pro se* Cynthia L. Strange challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed July 7, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 29.) Pending are Strange's objections to the R&R. (Dkt. No. 30.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[1]

On November 10, 2011, Strange filed an application for DIB under the Social Security Act. (Tr.[2] at 82, 161-63.) After her application was denied, Strange requested a hearing before an Administrative Law Judge (ALJ), which was held on December 18, 2012. (*Id.* at 48-75, 86-93.) On January 4, 2013 the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-6, 15-

---

[1] The court incorporates the factual recitations of the parties and Judge Hines. (Dkt. Nos. 24, 27, 29; *see also* Admin. Tr., Dkt. No. 14.)

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 14.)

35.)

Strange commenced the present action by filing her complaint on May 7, 2013 seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 29.) Judge Hines explicitly noted that any written objections to the R&R were to be filed by July 24, 2014, within fourteen days of service of the July 7, 2014 R&R. (*Id.* at 29); *see also* 28 U.S.C. § 636(b)(1); N.D.N.Y. L.R. 72.1(c). In a handwritten letter filed August 11, 2014, Strange objected to the R&R and, by way of explanation for her tardiness, stated that her computer was broken and she was unable to retrieve her response to the R&R which was contained therein. (Dkt. No. 30 at 1.)

### III. <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it

3

has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Strange submitted the following in response to Judge Hines' R&R: (1) two handwritten pages expressing her personal frustrations with the process of obtaining benefits and stating that she knows she is entitled to benefits; and (2) a copy of Judge Hines' decision accompanied by handwritten annotations, some of which are not readily legible. (Dkt. No. 30 at 1-31.) The Commissioner filed a response, arguing that Strange raises no specific errors and her objections were untimely filed. (Dkt. No. 31 at 2.) In light of Strange's *pro se* status, the court has considered her objections. Nevertheless, Strange has not cited to any legal authority that

4

might compel a different result, repeats some of the same arguments raised in her brief before Judge Hines, and has failed to point to any errors in Judge Hines' findings of fact or conclusions of law. (*See generally* Dkt. No. 30.) Strange's conclusory, untimely, and groundless "objections" are general and do not warrant *de novo* review. *See Almonte*, 2006 WL 149049 at *4. The court, having carefully reviewed the record, finds no clear error in the R&R and accepts and adopts the thorough and well-reasoned report in its entirety.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' July 7, 2014 Report and Recommendation (Dkt. No. 29) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Strange's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 16, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court